**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
         apersinger@bursor.com
         ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN YERKES, on Behalf of Himself and all Others Similarly Situated,<br><br>                             Plaintiff,<br>         v.<br><br>RGS FINANCIAL, INC.,<br><br>                             Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Stephen Yerkes ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to his own actions are based on personal knowledge.

## NATURE OF THE ACTION

1. Between November 2, 2015 and November 16, 2015, Defendant RGS Financial, Inc. ("RGS" or "Defendant") made 7 telephone calls to Plaintiff, Stephen Yerkes, on his cellular telephone to collect a debt owed by someone named Maria Castro. These calls were made using an autodialer and/or an artificial or prerecorded voice. Mr. Yerkes did not give RGS prior express written consent to make these calls.

2. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of RGS in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## PARTIES

3. Plaintiff Stephen Yerkes is, and at all times mentioned herein was, a resident of Merced, California and a citizen of the State of California.

4. Defendant RGS Financial, Inc. is a Texas corporation with its principal place of business at 700 Jay Ell Dr., #200 Richardson, TX 75081. Defendant is a debt collection agency.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

6. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

7. Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendant transacts significant business within this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.    The Telephone Consumer Protection Act Of 1991**

8. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

10. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

11. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.    Defendant's Robocalls to Plaintiff and Class Members**

12. Prior to the calls at issue in this action, Plaintiff had never had any contact with Defendant.  Plaintiff has never consented in writing, or otherwise, to receive telephone calls from Defendant.  Plaintiff has never provided Defendant with his telephone number.

13. The following chart shows each date and time that Defendant called Plaintiff on his cellular telephone number:

**Defendant's Calls to Plaintiff**

| Date | Time | Number Calling |
|---|---|---|
| 11/2/15 | 9:01:25 AM | (866) 941-8600 |
| 11/3/15 | 9:40:40 AM | (866) 941-8600 |
| 11/5/15 | 9:06:54 AM | (866) 941-8600 |
| 11/9/15 | 9:36:03 AM | (866) 941-8600 |
| 11/11/15 | 1:22:16 PM | (866) 941-8600 |
| 11/12/15 | 11:28:25 AM | (866) 941-8600 |
| 11/16/15 | 12:13:16 PM | (866) 941-8600 |

14. In total, Defendant called Plaintiff at least 7 times using an autodialer and/or an artificial or prerecorded voice without his prior express written consent.

15. Mr. Yerkes repeatedly told Defendant that he was not the woman they were looking for and asked that he not be called anymore, but Defendant kept calling.

16. Online consumer complaints regarding Defendant's unsolicited telemarketing robocalls from these same numbers are legion:

- RGS called my phone this evening and told me they were calling for a particular person. When I advised them that they had the wrong number the rep told me that this was the number my exhusband gave them. I don't have an exhusband. When I told them this was not the resident they were looking for they insisted that the number was in 411 and they would continue to call. I told them that was harrassment and they were to remove the number and not to call again. She said as long as the number was in 411 they would call. I have an unlisted number. The rep then hung up on me. I called 411 and the number is not listed. I called them back and the new rep told me that he would remove the number and he would file a complaint. I doubt that would happen.[1]

- They've been calling me for several months and asking for someone that I don't know. Then they started calling my elderly parents. They accused me of being "sick" and using aliases. Said they were hired by Wells Fargo to collect $2800. They said they were coming after me at my work on Monday and they know where I work. I'm a public school teacher and I don't need this. I don't have any account with Wells Fargo. I went to Wells Fargo. They said they don't use RGS and verified who I was and verified I DON'T have account with them. Also verified that my so called alias has an account but is current. I am going to the police.[2]

---

[1] http://800notes.com/Phone.aspx/1-866-941-8600 (last checked January 21, 2016).
[2] *Id.*

CLASS ACTION COMPLAINT                                                                                       3

- Prerecorded message from RGS Financial, with reasonably well-synthesized version of my full name, but no information at all about which of my (many) debts they're attempting to collect.[3]

- Pre-recorded voicemail message on my cell phone with synthesized name that could have been my husband's name, completely botched. Saying they need to collect on a debt, but don't say what company or how much. They call twice a day. We checked his credit report and it shows no delinquent accounts. Is this some sort of fraud scheme?[4]

- Left me a voice mail -- called looking for information on my brother-in-law, who lives in another state. Said they have me down as a relative, which is strange because we're not close and he would not have listed me as a contact. Must have just been calling everyone with the same last name. Asked me to call her back or forward the message to my brother-in-law. I'll let him know, but sounds pretty fishy.[5]

- My machine picked up on the call....recording said they were looking for------- (which is my neighbor, right next door) continued on to say that they are RGS , a debt collector trying to collect a debt owed, and to please call their phone number 866-941-8600 These people will not stop calling me!!![6]

- They call me every two days asking for someone i dont know. They ask me to hang up if this is not the person there looking for , but the calls are persisted.[7]

- Repetitive annoying calls from this number. They have even called my place of work. Extremely rude people. My number is on the federal do not call list and these people just keep on calling![8]

- They call me asking for some random mexican guy... I'm like ummmm no thats not me[9]

- Debbie with RGS Financial at ext. 2081 left a message for me at my place of employment. Not allowed to receive calls at work.....not happy about this! I do not give out my work #. How did RGS obtain it? Did not say why she was calling. When I called the # back and put in her extension, the line rang and rang, no person, no voice mail. Don't know who this company is or why they are calling me?!?!?![10]

- I've gotten several calls from this number asking for a name that is definitely not me and isn't even close to my name. When I say I have the wrong number the caller always immediately hangs up, or says I've been "taken off the call list," only to call back a few days later.[11]

---

[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] http://800notes.com/Phone.aspx/1-866-941-8600/2
[9] *Id.*
[10] *Id.*
[11] http://800notes.com/Phone.aspx/1-866-941-8600/3

- Please stop this harassment. Our credit status is excellent and we have no outstanding credit issues.[12]
- They keep calling me. Person no longer lives here. After I am asleep![13]
- These people belong behind [b]ars. They continuously call me about a debt that belongs to a friend of a friend. Are you kidding me? If you can't locate the person, you better stop calling and harassing people that have nothing to do with the debt. What an unscrupulous bunch of morons.[14]

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

18. Plaintiff proposes the following Robocall Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

Collectively, all these persons will be referred to as the "Robocall Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Robocall Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

19. Plaintiff also proposes the following Autodialer Class definition:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

---

[12] *Id.*
[13] *Id.*
[14] *Id.*

CLASS ACTION COMPLAINT                                                                 5

20. Collectively, all these persons will be referred to as the "Autodialer Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Autodialer Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

21. Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendant's business, and the number of autodialed robocalls that he received, that the classes are so numerous that individual joinder would be impracticable.

22. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

23. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed classes can be identified easily through records maintained by Defendant.

24. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

    b. Whether Defendant's conduct was knowing and/or willful;

    c. Whether Defendant is liable for damages, and the amount of such damages, and

    d. Whether Defendant should be enjoined from engaging in such conduct in the future.

25. As a person who received numerous and repeated calls on his telephone using an artificial or prerecorded voice, without his prior express written consent, Plaintiff asserts claims

that are typical of each member of the classes. Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

26. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

27. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with the TCPA. The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

28. Defendant has acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

29. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

31. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

32. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

33. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

34. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

36. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

37. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

38. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendant:

    a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

   b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

   c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;

   d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

   e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

   f. Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: January 25, 2016      Respectfully submitted,

              **BURSOR & FISHER, P.A.**

              By:  */s/ L. Timothy Fisher*
                 L. Timothy Fisher

              L. Timothy Fisher (State Bar No. 191626)
              Annick M. Persinger (State Bar No. 272996)
              Yeremey O. Krivoshey (State Bar No.295032)
              1990 North California Blvd., Suite 940
              Walnut Creek, CA  94596
              Telephone: (925) 300-4455
              Email: ltfisher@bursor.com
                 apersinger@bursor.com
                 ykrivoshey@bursor.com

              *Attorneys for Plaintiff*